942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Ronald BERTRAM, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, James Rowland,
Director, Eddie Ylst, Warden, Harold Bard, CCII,
Defendants-Appellees.
John Ronald BERTRAM, Leila Maxine Forbes, Plaintiffs-Appellants,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, James Rowland,
Director, Eddie Ylst, Warden, Harold Bard, CCII,
Defendants-Appellees.
 Nos. 88-15566, 90-15333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Decided Sept. 5, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Ronald Bertram appeals a denial of preliminary relief and grant of summary judgment to appellee on his 42 U.S.C. § 1983 claim for denial of his right to visit with his crime-partner, Leila Forbes. The district court denied Bertram temporary relief and granted summary judgment to appellee Harold Bard, Correctional Counsellor at the California Medical Facility, on the basis of affidavits stating Bertram and Forbes had never requested visitation. We affirm.
 
 
 3
 Bertram maintains that in granting summary judgment the district court ignored: (1) grievance forms Bertram filed with Bard; (2) a handwritten affidavit from Forbes; (3) a declaration by Forbes' parole agent; (4) Bertram's request the court order depositions; and (5) allegations Bard suppressed visitation requests. Bertram's arguments are meritless.
 
 
 4
 The district court properly disregarded Bertram's grievance forms and Forbes' affidavit. Bertram merely alleged in his pleadings that he filed grievance forms and did not specify how the grievance forms related to visitation rights. Forbes' handwritten affidavit postdates final judgment in the case by almost two months and could not have been before the district court.
 
 
 5
 The declaration of Forbes' parole agent does not raise an inference that either Forbes or Bertram must have requested visitation. Inferences may be drawn from underlying facts only if the inferences are reasonable. Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir.1987). A reasonable person would not infer from the log entry, which states Bertram and Forbes had not requested visitation, that Bertram or Forbes had requested visitation.
 
 
 6
 There is no evidence that visitation requests were submitted. Bertram failed to show how additional time for discovery would have helped him avoid summary judgment. See Fed.R.Civ.P. 56(f).
 
 
 7
 Because the district court found that no requests had been submitted, it was unnecessary for the district court to address Bertram's constitutional claim. We note, however, that even if a request had been made, if it were denied for a legitimate penological purpose, Bertram would have no constitutional claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3